UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,
                                              Plaintiff,

v.                                                                                Case # 14-CR-6136-FPG

                                                                                DECISION AND ORDER

COLIN MONTAGUE, et al.,
                                              Defendants.
_____

## INTRODUCTION

On February 21, 2018, Defendant Colin Montague filed a motion (ECF No. 496) seeking various relief, including dismissal of the Continuing Criminal Enterprise (CCE) charge in the Second Superseding Indictment (ECF No. 55) for a purported violation of Rule 7 of the Federal Rules of Criminal Procedure. On March 13, 2018, the Court held oral argument on Defendant's pending motions and many of these motions were discussed and resolved during this proceeding. However, the Court reserved decision as to whether Count I of the Second Superseding Indictment should be dismissed because it violates Rule 7. For all the reasons below, Defendant's motion to dismiss Count I of the Second Superseding Indictment is DENIED.

## DISCUSSION

Rule 7 of the Federal Rules of Criminal Procedure provides in relevant part that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). "A continuing criminal enterprise, as proscribed by 21 U.S.C. § 848, is defined in part as a continuing series of felony drug violations of any of the provisions in the subchapters comprising §§ 801-971 of Title 21." *United States v. Flaharty*, 295 F. 3d 182, 197 (2d Cir. 2002) (citing 21 U.S.C. § 848(c)).

In this case, Count I of the Second Superseding Indictment charged Defendant Montague with

> engag[ing] in a Continuing Criminal Enterprise in that he did violate Title 21, United States Code, Sections 841(a)(1) and 846, which violations were part of a continuing series of violations of said statutes undertaken by the defendant, COLIN MONTAGUE a/k/a Uncle a/k/a C, in concert with five or more persons, known or unknown to the Grand Jury, with respect to whom the defendant, COLIN MONTAGUE a/k/a Uncle a/k/a C, occupied a position of organizer, supervisor and manager, and from which continuing series of violations the defendant, COLIN MONTAGUE a/k/a Uncle a/k/a C, obtained substantial income and resources.

Further, Count I provides that Montague

> was the principal administrator, organizer and leader of the Continuing Criminal Enterprise and was one of several such principal administrators, organizers, and leaders, and the violations of Title 21, United States Code, Sections 841(a)(1) and 846 that the defendant, COLIN MONTAGUE a/k/a Uncle a/k/a C, committed as part of a continuing series of violations involved at least 150 kilograms of cocaine, a Schedule II controlled substance, that is, an amount at least 300 times the quantity of cocaine described in Title 21, United States Code, Section 841(b)(1)(B).

ECF No. 55 at 2-3. The Second Superseding Indictment states that the above described conduct was "[a]ll in violation of Title 21, United States Code, Sections 848(a) and 848(b)." *Id*. at 3.

Montague argues that Count I is "constitutionally insufficient" because it "fails to set forth at least three specific violations constituting a 'continuing series of violations,' 21 U.S.C.S.848(c)(2), in which the defendant is alleged to have participated and which must be separately proved." ECF No. 496-1 at 16-17. Further, Defendant argues that "the indictment in the instant case differed in relevant and important aspects from" indictments in two other Second Circuit cases, *United States v. Flaharty*, 295 F.3d 182 (2d Cir. 2002) and *United States v. Fermin*, 277 F. App'x 28, 32 (2d Cir. 2008), and Defendant asserts the following in support of this argument:

> While the CCE counts in those indictments charged violations of three or more Title 21 statutes, albeit some expressly incorporated by references to other counts of the indictments, the CCE count in the instant case charges violations of Sections 841(a)(1) and 846. This is not sufficient to inform the Grand Jury of at least three felony violations allegedly committed by the defendant. Further, the indictment did not inform the Grand Jury what three violations the defendant is alleged to have committed, it specified only two Title 21 statutes, and it did not inform the Grand Jury that probable cause that three violations of Title 21 has occurred is required for the return of an indictment on a CCE charge. Thus, a real probability exists that the Grand Jury acted in the belief that probable cause that two Title 21 violations had occurred was sufficient to return an indictment on the CCE charge.

ECF No. 496-1 at 20-21.

Defendant's argument fails because Count I of the Second Superseding Indictment is sufficient under case law in this Circuit. In *Flaharty*, the Second Circuit found that an indictment sufficiently states a violation of the CCE statute where it: (1) closely tracks the language of § 848; (2) alleges a continuing series of felony drug violations of any of the provisions in the subchapters comprising Sections 801 to 971 of Title 21; and (3) identifies the time and location of the alleged enterprise. *See Flaharty*, 295 F.3d at 197-98. The Second Circuit has interpreted proof of a "continuing series" to require "at least three felony drug violations committed over a definite period of time." *Id*. at 197 (citing *United States v. Aiello*, 864 F.2d 257, 264 (2d Cir. 1988)).

Here, Count I meets each of these requirements and is therefore sufficient. First, Count I closely tracks the language of the CCE statute. In pertinent part, Count I states that: Montague violated Sections 841(a)(1) and 846—both felony violations of the subchapters comprising §§ 801-971 of Title 21; these violations "were part of a continuing series of violations of said statutes undertaken by the defendant;" Montague violated said statutes "in concert with five or more persons;" Montague "occupied a position of organizer, supervisor and manger;" and Montague

3

"obtained substantial income and resources" from said continuing series of violations. *See* ECF No. 55 at 2. This language closely tracks the language of § 848.[1]

Second, Count I's allegation that the continuing series of violations were felony violations of Sections 841(a)(1) and 846 is sufficient to meet the "continuing series" requirement under case law in this Circuit. In *Flaharty*, the Second Circuit held that "an indictment that does not identify which of many alleged felonies constituted the series is not thereby defective." *See Flaharty*, 295 F.3d at 197. Therefore, "[i]t is sufficient that the indictment alleges that the continuing series of felonies were violations of § 841(a)(1) and § 846." *See United States v. Pike*, No. 01-CR-129A, 2006 WL 146061, at *2 (W.D.N.Y. Jan. 19, 2006) (upholding an indictment that "charge[d] [defendant] with engaging in a series of violations of § 841(a)(1) and § 846" where count one charged violations of Sections 841 and 846 and count two charged a violation of Section 848). Here, Count II of the Second Superseding Indictment alleges that Defendant violated Sections 841 and 846 of Title 21, and Count I alleges that Defendant "did violate Title 21, United States Code, Sections 841(a)(1) and 846, which violations were part of a continuing series of violations of said statutes." *See* ECF No. 55 at 2-3. This is legally sufficient to state a violation of Section 848.

---

[1] Section 848(c) of Title 21 states the following:

> "Continuing criminal enterprise" defined
> For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if--
> (1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and
> (2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter--
>> (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
>> (B) from which such person obtains substantial income or resources.

21 U.S.C. § 848(c).

Finally, Count I adequately identifies the time and location of the alleged enterprise, stating that the enterprise was conducted "[f]rom in or about 2008 . . . through and including on or about July 1, 2014, in the Western District of New York and elsewhere." ECF No. 55 at 2. *See Flaharty*, 295 F.3d at 198 (upholding a CCE count of an indictment that stated that the enterprise was conducted "[i]n or about and between 1992 and April 1998 . . . within the Eastern District of New York and elsewhere"). The Court therefore concludes that Count I does not fail to sufficiently charge a CCE under Section 848.

## CONCLUSION

For all of the reasons stated above, Defendant's motion to dismiss Count I of the Second Superseding Indictment pursuant to Rule 7 of the Federal Rules of Criminal Procedure is DENIED.

IT IS SO ORDERED.

Dated: March 14, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court